**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF GEORGIA**
**COLUMBUS DIVISION**

|  |  |  |
|---|---|---|
| KENNETH J. LAFAYETTE, II, | : | |
| Plaintiff, | : | |
| v. | : | Case No. 4:25-cv-80-AGH |
| COMMISSIONER OF SOCIAL SECURITY, | : | |
| Defendant. | : | |

## ORDER

Before the Court is the Commissioner ("Commissioner") of the Social Security Administration's motion to dismiss Plaintiff's appeal of the denial of benefits (ECF Nos. 11, 1). Both parties filed their written consents for all proceedings to be conducted by the United States Magistrate Judge, including the entry of a final judgment directly appealable to the Eleventh Circuit Court of Appeals pursuant to 28 U.S.C. § 636(c)(3). For the reasons stated below, the Commissioner's motion to dismiss is granted.

## BACKGROUND

On March 4, 2025, Plaintiff filed a complaint against the Commissioner (ECF No. 1). Plaintiff also filed a motion for leave to proceed *in forma pauperis* ("IFP"), which the Court granted (ECF Nos. 3, 8). The Court then conducted a preliminary screening of Plaintiff's complaint as required by 28 U.S.C. § 1915(e)(2)(B). Order 3-4, Apr. 14, 2025, ECF No. 8. The Court noted that Plaintiff's complaint is divided

into two distinct parts. *Id.* at 3. The first part of Plaintiff's complaint alleges that the Commissioner denied him benefits on a disability insurance claim, supplemental security income claim, child disability claim, and widower claim. Compl. 1-4, ECF No. 1. The second part of Plaintiff's complaint is a *Bivens* action against the present and two former Commissioners. *Id.* at 5-8. Because it concluded that Plaintiff could not pursue a *Bivens* claim in the context of a denial of social security benefits, the Court dismissed his *Bivens* claims. Order 4, April 14, 2025. However, the Court allowed Plaintiff's claims for denial of social security benefits to proceed for further factual development. *Id.* at 3. Therefore, the Court ordered the Commissioner to file an answer or other responsive pleading. *Id.* at 4.

On May 2, 2025, the Commissioner filed a motion to dismiss Plaintiff's complaint (ECF No. 11). Plaintiff timely responded (ECF No. 13). The Commissioner's motion is ripe for review.

## DISCUSSION

### I.   Exhaustion Requirement for Review of Commissioner's Denial of Benefits

A claimant may appeal the denial of social security benefits to a district court. 42 U.S.C. § 405(g). However, in order to obtain judicial review, a claimant must first exhaust his administrative remedies under the Commissioner's regulations. *Crayton v. Callahan*, 120 F.3d 1217, 1220 (11th Cir. 1997). This involves a four-part process. 20 C.F.R. §§ 404.900(a), 416.1400(a). First, the claimant must obtain an initial determination from the Commissioner about his eligibility for, or entitlement to, benefits. *Id.* §§ 404.900(a)(1), 416.1400(a)(1). Second, if the claimant does not

agree with the initial determination, he may ask for reconsideration. *Id.* §§ 404.900(a)(2), 416.1400(a)(2). Third, if the request for reconsideration of an adverse determination is denied, then the claimant may request an administrative hearing before an administrative law judge ("ALJ"). *Id.* §§ 404.900(a)(3), 416.1400(a)(3). Fourth, if the claimant disagrees with the ALJ's decision, he may request that the Appeals Council review the decision. *Id.* §§ 404.900(a)(4), 416.1400(a)(4). When a claimant has completed these four steps, the Commissioner would have made a "final decision," and the claimant may seek judicial review. *Id.* §§ 404.900(a)(5), 416.1400(a)(5).

A court may excuse the exhaustion requirement where: (1) the issues raised are "entirely collateral to the claim for benefits"; (2) failure to excuse exhaustion would "cause irreparable injury"; and (3) exhaustion would be "futile." *Comack v. Comm'r, Soc. Sec. Admin.*, No. 23-11115, 2024 WL 4719238, at *2 (11th Cir. Nov. 8, 2024). "[E]xhaustion may be excused only when the contested issue is constitutional, collateral to the consideration of the claimant's claim, and its resolution, therefore, falls outside the agency's authority." *Id.*

## II.    Commissioner's Motion to Dismiss

The Commissioner moves to dismiss Plaintiff's complaint under Rule 12(b)(6) for failure to state a claim, alleging that Plaintiff failed to exhaust his administrative remedies by obtaining a "final decision." Def.'s Mot. to Dismiss 1, ECF No. 11. "Generally, when considering a motion to dismiss, the district court must limit its consideration to the pleadings and any exhibits attached to it." *Baker v. City of Madison, Ala.*, 67 F.4th 1268, 1276 (11th Cir. 2023). Further, it must "accept the

3

factual allegations in the complaint as true and construe them in the light most favorable to the plaintiff." *Myrick v. Fulton Cnty., Ga.*, 69 F.4th 1277, 1294 (11th Cir. 2023). For *pro se* pleadings in particular, the Court is required to give a liberal construction. *See Bingham v. Thomas*, 654 F.3d 1171, 1175 (11th Cir. 2011) ("*Pro se* pleadings are held to a less stringent standard than pleadings drafted by attorneys and are liberally construed." (quotation marks omitted)).

The Commissioner contends that "Plaintiff does not allege, much less demonstrate, that he completed the administrative process on any issue by receiving a final decision, i.e. a decision from an ALJ and/or the Appeals Council[.]" Def.'s Mot. to Dismiss 5. However, on page three of Plaintiff's complaint, he responds to a form question asking when he received notice of a final decision—which the form explains is likely the date when he received notice from the Appeals Council—by stating "3/4/25 after evidence was given." Compl. 3. Considering the fact that Plaintiff filed suit the same day, it seems unlikely that he actually received a final decision on March 4, 2025. Nevertheless, given the liberal pleadings requirements and the fact that the Court must accept all factual allegations as true, this is sufficient to allege that Plaintiff received a final decision. The Court stated as much in its screening order.[1] Order 3, Apr. 14, 2025. The Commissioner does not mention Plaintiff's response to the form question on page three of the complaint or the Court's screening order.

---

[1] Granted, the form also instructs Plaintiff to attach a copy of the final decision, and instead, he attaches an application summary. Compl. 3; Compl. Attach. 1, at 1, ECF No. 1-1. But that does not *necessarily* exclude the possibility that he later received a final decision on March 4, 2025, and again, the Court must construe his allegations liberally.

Thus, Defendant would normally not be entitled to dismissal for Plaintiff's failure to state a claim. "However, when considering a Rule 12(b)(6) motion to dismiss for failure to exhaust administrative remedies, such as the pending motion, 'it is proper for a judge to consider facts outside of the pleadings and to resolve factual disputes so long as the factual disputes do not decide the merits and the parties have sufficient opportunity to develop a record.'" *Chavez v. Credit Nation Auto Sales, Inc.*, 966 F. Supp. 2d 1335, 1345 (N.D. Ga. 2013) (quoting *Tillery v. U.S. Dep't of Homeland Sec.*, 402 F. App'x 421, 424 (11th Cir. 2010)); *see Rouzard v. Comm'r of Soc. Sec.*, No. 6:24-cv-585-CEM-LHP, 2025 WL 404917, at *3-4 (M.D. Fla. Jan. 28, 2025) (noting that a district court considering a motion to dismiss under Rule 12(b)(6) for failure to exhaust can consider matters outside of the pleadings), *recommendation adopted by* 2025 WL 404915 (M.D. Fla. Feb. 5, 2025).

In this case, the Court need only consider Plaintiff's response to the Commissioner's motion to dismiss. Therein, Plaintiff admits that there has been "no decision or any resolution/administrative remedies," and he "requests that a Final Decision be made expeditiously." Pl.'s Resp. to Mot. to Dismiss 1-2, ECF No. 13. Accordingly, the Court concludes that Plaintiff failed to exhaust his administrative remedies. *See Rouzard*, 2025 WL 404917, at *4 (finding that plaintiff failed to exhaust his administrative remedies upon consideration of the complaint, the Commissioner's motion to dismiss, and the plaintiff's response).

Further, Plaintiff does not show grounds for excusing his failure to exhaust. Plaintiff's response to the motion to dismiss largely consists of cryptic, conclusory, and immaterial statements. He states that he "would like to exercise Right to Due

Process" without any elucidation.    Pl.'s Resp. to Mot. to Dismiss 1; *see Rouzard*, 2025 WL 404917, at *6 ("[A] 'generic allegation is not enough to raise a colorable constitutional claim.'" (quoting *Pretzer v. Comm'r of Soc. Sec.*, No. 2:19-cv-735-SPC-NPM, 2025 WL 404917, at *3 (M.D. Fla. Mar. 30, 2023))).    He alleges his "Tax Returns/Tax Refunds were compromised," but does not explain how this relates to his failure to exhaust administrative remedies.    Pl.'s Resp. to Mot. to Dismiss 1. He refers to "Real Property" being taken, again without connecting it to a claim for denial of social security benefits.    *Id.* at 2.    The closest he comes to providing an intelligible reason for his failure to exhaust is his frustration with the time it is taking to complete the administrative process.    *Id.* at 1.    However, his frustration at the speed with which his claim is being considered does not excuse exhaustion.    *See Rouzard*, 2025 WL 404917, at *6 (collecting cases).    Moreover, requiring exhaustion would not be futile "because [his] continued pursuit of his claim at the administrative level could potentially result in a disability determination in his favor."    *Comack*, 2024 WL 4719238, at *3.

In summary, the Court finds that Plaintiff failed to exhaust his administrative remedies.    Accordingly, Plaintiff's complaint is dismissed without prejudice.[2]

**SO ORDERED**, this 23rd day of March, 2026.

s/ *Amelia G. Helmick*
UNITED STATES MAGISTRATE JUDGE

---

[2] Plaintiff filed a motion for a seizure warrant (ECF No. 16) that appears to have no relevance to any issue in this case.    It is **DENIED** as moot.